519 A.2d 518

Edward P. Zemprelli, Petitioner *v.* William W. Scranton, III, Respondent.

Edward P. Zemprelli, Petitioner *v.* Robert C. Jubelirer, Respondent.

Argued November 21, 1986, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Michael T. McCarthy,* Chief Counsel, with him, *Sally A. Ulrich,* Assistant Counsel, to the Democratic Floor Leader, for petitioner.

*Barry M. Hartman,* Administrative Deputy General Counsel, with him, *Raymond P. Pepe,* Deputy General Counsel, and *Andrew H. Cline,* Associate Deputy General Counsel, for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., November 24, 1986:

Edward P. Zemprelli has filed a petition for review in the nature of mandamus and a motion for summary

relief[1] in this Court's original jurisdiction seeking to have (1) William W. Scranton, III,[2] in his capacity as the duly elected Lieutenant Governor of the Commonwealth of Pennsylvania, and/or Robert C. Jubelirer,[3] in his capacity as the duly elected President Pro Tempore of the Pennsylvania Senate, place on the Senate calendar a resolution pursuant to Section 7(b) of the Sunset Act[4] calling for the continuance of the Pennsylvania Liquor Control Board (LCB) and (2) judgment entered declaring and adjudicating the respective rights and duties of the parties under the Sunset Act. Scranton has filed an answer and new matter to motion for summary relief and Jubelirer has filed preliminary objections to the petition for review.

At argument, the parties stipulated to the facts as stated in the respondents' briefs and entered as an exhibit the 1986 Rules of the Senate of Pennsylvania, *as amended,* January 27, 1986.

Section 6(b) of the Sunset Act[5] declares that the LCB, along with its statutory duties and functions, shall terminate and go out of existence on December 31, 1985, unless upon extensive legislative review it was reestablished or continued pursuant to Section 7 of the Sunset Act. This procedure could be postponed for a period not exceeding one year upon the authorization of the Sunset Leadership Committee. Section 4(4) of the

---

[1] Pa. R.A.P. No. 1532(b). Petitioner also filed a motion, in the alternative, for a reduction in respondents' time for pleading and for an immediate hearing. This Court, on November 18, 1986, set hearing for November 21, 1986.

[2] No. 3332 C.D. 1986.

[3] No. 3333 C.D. 1986. This action has been consolidated with that at No. 3332 C.D. 1986 for argument and disposition.

[4] Sections 1—14, Act of December 22, 1981, P.L. 508, *as amended,* 71 P.S. §§1795.1—1795.14, specifically 71 P.S. §1795.7(b).

[5] 71 P.S. §1795.6(b).

640

Sunset Act.[6] On December 12, 1985, the Leadership Committee adopted a resolution postponing the termination of the LCB until December 31, 1986.

The respondents' briefs indicate several bills have been introduced, amended and acted upon by the respective Houses of the Pennsylvania legislature, but as of November 1, 1986, no single bill continuing, modifying or abolishing the existence of the LCB had been passed by the legislature. Whereupon, on November 12, 1986, Zemprelli requested by letter that the respondents, as presiding officers of the Senate, list a LCB "Sunset resolution" for November 17, 1986, the first legislative day of this month pursuant to Section 7(b) of the Sunset Act. As of the date of this opinion, no such resolution has been listed on the Senate calendar.

For the extraordinary legal remedy of mandamus to lie, a petitioner must establish (1) that he/she has a clear legal right, (2) the respondent has a corresponding duty that is mandatory, and (3) no other adequate and appropriate remedy exists. *Francis v. Corleto*, 418 Pa. 417, 211 A.2d 503 (1965). Summary relief should be granted where there exists a clear right to judgment and the

---

[6] 71 P.S. §1795.4(4). Section 3 of the Act, 71 P.S. §1795.3, mandates the creation of the Leadership Committee:

There is hereby created a joint committee of the General Assembly to be known as the Leadership Committee. The Leadership Committee shall be composed of the Speaker of the House of Representatives, the President pro tempore of the Senate and the Majority and Minority Leaders of the House of Representatives and the Senate. The Speaker of the House of Representatives shall serve as the temporary chairman of the committee until such time as the committee shall elect a chairman. Members of the Leadership Committee may designate alternate members of their respective chambers who will have the same powers and duties as regular members.

facts are not subject to dispute. *See Bogdan v. Coal Township School District,* 369 Pa. 147, 85 A.2d 139 (1952).

Initially, we review the respondents' preliminary objections and answer and new matter. Collectively, they argue that the petition for review and motion for summary relief be dismissed because (1) a nonjusticiable political question is involved, (2) the Speech and Debate Clause, Article II, Section 15 of the Constitution of the Commonwealth of Pennsylvania grants immunity to respondents, and (3) the petition fails to state a cause of action.

In *Zemprelli v. Daniels,* 496 Pa. 247, 436 A.2d 1165 (1981), a thorough recitation of the political question doctrine is found. Respondents contend that this Court's review of the legislative procedural requirements found within the Sunset Act would impermissibly conflict with Article II, Section 11 of the Constitution, which grants to each House of the legislature the power to determine the rules of its proceedings.

Our review of the Sunset Act and the petition for review leads us to the conclusion that we are not reviewing the internal operations of the Senate, but instead are being asked to interpret and enforce a statutory duty imposed by both Houses and signed by the Governor of the Commonwealth. The express requirement found in Section 7(b) states that:

> (b) Unless legislation is enacted prior to November 1, reestablishing an agency as provided in subsection (a), the presiding officer of each House shall cause to be placed on their respective calendars for the first legislative day in November, the question, in the form of a resolution, of whether an agency scheduled for termination on December 31 of that year shall be continued. If a majority of the members elected to

> each House approve such a resolution prior to the scheduled termination date of December 31, the agency shall be continued until the next review and termination cycle scheduled for said agency.

This requirement evidences an intent by the legislature that the respective internal rules of the Houses would give way when the *critical question of administrative agency life* would be required to be acted upon. This Court therefore is not invading the province of a separate co-equal branch of government but is interpreting and reviewing, with great caution, a unique statutory framework controlling the continued existence of administrative agencies.

Next, respondents urge that we dismiss this action because they are immune from suit under the Speech and Debate Clause, as interpreted in *Consumers Education and Protective Association v. Nolan*, 470 Pa. 372, 368 A.2d 675 (1977). Respondents argue that their respective activities here fall within the "legitimate legislative sphere" and that immunity is required to protect the independence and integrity of the legislature. *Consumer Party of Pennsylvania v. Commonwealth*, 510 Pa. 158, 171, 507 A.2d 323, 330 (1986).

Again, it is with great caution that we reject respondents' contention. Zemprelli is not requesting that we delve into the reasoning behind respondents' inaction or whether private internal senatorial procedural guidelines have been complied with. Instead, we are requested to mandate that two elected officials follow a statutory requirement directing action in their respective constitutional capacities.[7]

---

[7] Article IV, Section 4 of the Pennsylvania Constitution declares that the Lieutenant Governor be the president of the Senate. Article II, Section 9 declares that the President Pro Tempore of the Senate perform the Lieutenant Governor's duties in his absence.

Finally, respondents argue that Zemprelli has failed to state a cause of action because he has an adequate remedy under the Rules of Senate to protect his vote. Respondents cite numerous internal senatorial rules regulating the introduction of motions, bills and resolutions, however, we find the specific dictates of Section 7(b) to be controlling.

The Sunset Act is a comprehensive and definitive legislative promulgation establishing the orderly and timely review of the viability of administrative agencies in this Commonwealth. Section 7 creates a mechanism that ensures a *full legislative* sanction on the continued existence or extinguishment of an administrative agency. Having established a framework for action, the purpose of the Sunset Act should not be frustrated by permitting an administrative agency to terminate without a full consideration by the entire legislative body. Elected officials, who through the democratic process are ultimately responsible to the citizens of this Commonwealth, should be given a full and open opportunity to express the will of the people and to perform their duties in recognition of the express dictate of the Sunset Act. Jubelirer's preliminary objections are dismissed.

Turning now to Zemprelli's motion for summary relief, we hold that he has established the legal requirements for judgment to be granted in his favor. Zemprelli has a clear right to legal relief. As a Senator of this Commonwealth, Zemprelli has the statutory right to vote under the unique provisions of the Sunset Act on a resolution on whether the LCB should be abolished. We note that this conclusion is limited to his right under the Sunset Act.

The respondents likewise are required by Section 7(b) to list the question, in the form of resolution, of whether the LCB shall continue in existence. Their argument that the Leadership Committee action on De-

cember 12, 1985, to continue the LCB until December 31, 1986, can be interpreted as an act preventing continuance unless by legislative bill is simply without merit. This interpretation would effectively place in the Leadership Committee the right to evade the requirement of Section 7 that each member of the legislature has a voice on the continued existence or abolition of an administrative agency. Moreover, we find the duty imposed upon the presiding officer to be a mandatory and not a directory obligation. *Corleto,* 418 Pa. at 428, 211 A.2d 509. A resolution required to be scheduled pursuant to Section 7(b) is the final statutory means to insure full and timely consideration of an agency's viability by the duly elected representatives of the citizenry of this Commonwealth.

Finally, we find no other adequate or appropriate alternative remedy to exist.

In conclusion, it is with great caution that we review the instant action filed against respondents. However, the circumstances surrounding this petition and the unique statutory framework under analysis dictate the result reached.

Therefore, since the first legislative day of this month has passed and Wednesday, November 26, 1986, is the last scheduled date the Senate is to meet, it is ordered that the presiding officer of the Senate, be it the Lieutenant Governor or President Pro Tempore, on Tuesday, November 25, 1986, shall cause to be placed on the Senate calendar, the question, in form of resolution, of whether the Liquor Control Board scheduled for termination on December 31, 1986, be continued. This Order is necessary to comply with the time constraints of the Sunset Act.

Summary relief is granted in favor of Zemprelli.[8]

---

[8] This Court being of the view that the Order entered is interlocutory, we will not address the propriety of imposing a supersedeas incident to an appeal.

ORDER

After hearing, and upon consideration of petitioner Zemprelli's motion for summary relief, it is ordered that the motion is granted and respondents Scranton and/or Jubelirer, in their capacities as presiding officers of the Pennsylvania Senate, are directed to place on the Senate calendar for Tuesday, November 25, 1986, a question, in form of resolution, of whether the Liquor Control Board, scheduled for termination on December 31, 1986, shall be continued.

The preliminary objections filed by respondent Jubelirer are dismissed.

Stenographic costs incurred for the hearing held November 21, 1986, shall be borne equally by the parties.