**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Glenda C. LIPINSKI, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 17, 2003.

Filed Jan. 7, 2004.

Veronica A. Smith, Mercer, for appellant.

James P. Epstein, Asst. Dist. Atty., Mercer, for Com., appellee.

BEFORE: ORIE MELVIN, POPOVICH, and OLSZEWSKI, JJ.

OPINION BY ORIE MELVIN, J.:

¶ 1 Appellant, Glenda Lipinski, appeals from the sentence imposed following her conviction of driving under the influence (DUI), 18 Pa.C.S.A. § 3731. She raises several challenges to the constitutionality of Act 63 with respect to its provision for installation of ignition interlock devices, 42 Pa.C.S.A. §§ 7001–7003. After review, we affirm in part and vacate in part.

¶ 2 The facts and procedural history may be summarized as follows. During the early morning hours of December 22, 2001, Appellant was involved in a motor vehicle accident. The responding officers detected signs of intoxication, and, following her transport to a local hospital for medical treatment, Appellant consented to chemical testing. Her blood alcohol content was above 0.10%.

¶ 3 Appellant subsequently entered a plea of guilty to DUI as a second offense. Her sentence, imposed on May 28, 2002, included a provision directing compliance with Act 63's requirements relating to an ignition interlock system. Appellant's motion to modify her sentence was denied, and this timely appeal followed.

¶ 4 Four issues are presented for our review.

I. WHETHER ACT 63 VIOLATES EQUAL PROTECTION AND SUB-

STANTIVE DUE PROCESS GUAR-ANTEES BY INTERFERING WITH THE FUNDAMENTAL RIGHT TO INTERSTATE TRAVEL AS WELL AS BY TREATING SIMILARLY SITUATED INDIVIDUALS DIFFERENTLY.

II. WHETHER ACT 63 VIOLATES PROCEDURAL DUE PROCESS IN THAT IT DEPRIVES A LICENSEE THE OPPORTUNITY TO PRESENT ANY EVIDENCE CHALLENGING WHETHER THERE WAS A PRIOR DUI CONVICTION, WHETHER INTERLOCK DEVICES ARE PROPERLY INSTALLED, OR ANY EVIDENCE REGARDING OWNERSHIP OR LACK OF OWNERSHIP REGARDING ANY SPECIFIC VEHICLE AND CREATES A REQUIREMENT THAT THE IGNITION INTERLOCK BE INSTALLED ON PARTICULAR VEHICLES.

III. WHETHER ACT 63 VIOLATES THE SEPARATION OF POWERS DOCTRINE BY SEIZING FOR THE LEGISLATURE POWER TO PRESCRIBE PRACTICE AND PROCEDURE IN THE COURTS AND JUDICIAL EMPLOYEES AND OFFICERS.

IV. WHETHER THE LEGISLATURE VIOLATED ARTICLE III, SECTION 3 BY ENACTING A BILL CONTAINING MORE THAN ONE SUBJECT.

Appellant's brief at 4.

¶ 5 This Court recently explained our review of a trial court's sentence where the statutory authority therefor is challenged.

Our Court's "authority to review a sentence is governed by 42 Pa.C.S. § 9781." *Commonwealth v. Archer*, 722 A.2d 203, 209 (Pa.Super.1998)(*en banc* ). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Alexander*, 811 A.2d 1064, 1065 (Pa.Super.2002), *appeal denied*, 573 Pa. 676, 822 A.2d 703 (2003).

*Commonwealth v. Randal*, 2003 PA Super. 465 ¶ 7, 837 A.2d 1211 (2003)(other citations omitted).[1]

¶ 6 Our Supreme Court addressed the constitutionality of Act 63 in *Commonwealth v. Mockaitis*, 575 Pa. 5, 834 A.2d 488 (2003). There, the defendant had challenged the ignition interlock requirements set forth in the Act, and the trial court found certain of its provisions unconstitutional. On appeal, our Supreme Court agreed that the doctrine of the separation of powers was violated by Act 63 because it delegated executive functions to the judiciary. However, the Court found the offensive provisions were severable from the remainder of the Act:

Here, severing those portions of Act 63 which effectuate the delegation to the sentencing court of the license restoration-related executive responsibilities of ordering installation of the devices and certifying that they have been installed does not render the remainder of the statute incapable of execution in accordance with legislative intent. Our separation of powers holding can be effected by severing three provisions of Act 63: subsection 7002(b), which delegates to the court the inter-related tasks of ordering a serial DUI offender to install the devices, apprising the Depart-

---

1. We may summarily dispose of the Commonwealth's jurisdictional argument that Appellant's issues are not properly presented in the instant criminal proceeding since this contention has already been soundly rejected. *See Commonwealth v. Mockaitis*, 575 Pa. 5, 834 A.2d 488, 496 (2003); *Randal, supra* at ¶ 6 n. 6.

ment of that order, verifying compliance, and certifying compliance to the Department; subsection 7003(1), which provides that, when a recidivist DUI offender seeks restoration of driving privileges, "the court shall certify to the department that each motor vehicle owned by the person has been equipped with an approved ignition interlock system;" and the last clause of subsection 7003(5), which refers back to subsection 7003(1) (*i.e.*, "after otherwise being eligible for restoration under paragraph (1)"). With these provisions severed, the legislation still requires recidivist DUI offenders seeking restoration of driving privileges to apply to the Department for an ignition interlock restricted license. 42 Pa.C.S. § 7003(2). The Act also precludes the offender in possession of such a restricted license from operating any motor vehicle on a highway in the Commonwealth unless that vehicle is equipped with an approved ignition interlock system. Id. § 7003(3). The Act thus still prevents recidivist DUI offenders from lawfully operating motor vehicles on the highways in Pennsylvania unless they have an approved limited license and are driving a properly-equipped vehicle.

575 Pa. at 29–30, 834 A.2d at 502–03. In so concluding, the Court determined that it did not need to address the arguments related to due process and equal protection.

¶ 7 Subsequently, in *Randal, supra,* the appellant raised challenges to Act 63 based upon equal protection, due process, and *ex post facto* grounds. We stated that pursuant to *Mockaitis,* "it is clear that a sentencing court does not have the statutory authority to impose the requirement that a DUI offender install an approved ignition interlock system(s) on his or her motor vehicle(s)." 2003 PA Super 465 at ¶ 8, 837

A.2d 1211. Accordingly, we vacated that portion of the sentence which required installation of such a system. *Id.*

■ ¶ 8 Similarly, in the case *sub judice,* we conclude that we need not further address Appellant's first three issues since it is clear that the trial court did not have authority to order installation of an ignition interlock system. *Randal, supra.* However, we note that Appellant herein raises an additional issue, namely whether Act 63 should be set aside in its entirety as violative of Article III, Section 3 of the Pennsylvania Constitution. This argument presents a challenge beyond the scope of the holding in *Mockaitis* because, as the Supreme Court there explained, the Act "still prevents recidivist DUI offenders from lawfully operating motor vehicles on the highways in Pennsylvania unless they have an approved limited license and are driving a properly-equipped vehicle" despite severance of the Act's unconstitutional provisions. 575 Pa. at 29–30, 834 A.2d at 503. We thus proceed to examine this issue on its merits.

■. ¶ 9 At the outset, we observe that "[a] statute will not be declared unconstitutional unless it clearly, palpably, and plainly violates the Constitution[.]" *Commonwealth v. Mayfield,* 574 Pa. 460, 466, 832 A.2d 418, 421 (2003). Article III, Section 3 of our Constitution provides as follows.

§ 3. **Form of bills**

No bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or a bill codifying or compiling the law or a part thereof.

PA. CONST. art. III, § 3.

■ ¶ 10 Once again we may look to a recent decision of our Supreme Court for guidance on the issue before us. In *City*

*of Philadelphia v. Commonwealth of Pennsylvania,* 575 Pa. 542, 838 A.2d 566 (2003), the Court explained that "Article III's general purpose is 'to place restraints on the legislative process and encourage an open, deliberative and accountable government.'" 575 Pa. at 573, 838 A.2d at 585 (quoting *Pennsylvania AFL–CIO ex rel. George v. Commonwealth,* 563 Pa. 108, 119, 757 A.2d 917, 923 (2000)). One of the purposes of Section 3 is to preclude the incorporation into one bill of "hidden legislation" covering a variety of topics. *Id.,* 838 A.2d at 582–84.

■ ¶ 11 "In practice, Section 3's dual requirements—clear expression and single subject—are interrelated, as they both act to proscribe inserting measures into bills without providing fair notice to the public and to legislators of the existence of the same." *Id.* at 586. This is so even where a bill is amended as it passes through the legislature, as is so often the case. *Id.* Consequently, "the strictures of Article III, Section 3 are often satisfied where the provisions added during the legislative process assist in carrying out a bill's main objective or are otherwise 'germane' to the bill's subject as reflected in its title." *Id.* The term "subject" has been defined as follows.

> [T]hose things which have a 'proper relation to each other,' which fairly constitute parts of a scheme to accomplish a single general purpose, 'relate to the same subject' or 'object.' And provisions which have no proper legislative relation to each other, and are not part of the same legislative scheme, may not be joined in the same act.

*DeWeese v. Weaver,* 824 A.2d 364, 369–70 (Pa.Cmwlth.2003)(quoting *Payne v. School District of Borough of Coudersport,* 168 Pa. 386, 31 A. 1072 (1895)).

¶ 12 Appellant contends that Act 63 addressed two different topics which are not germane to a single subject. We begin by examining the title of the legislation: "AN ACT amending Title 42 (Judiciary and Judicial Procedure) of the Pennsylvania Consolidated Statutes, providing for the use of ignition interlock systems and for restitution for identity theft." Thus it is plainly evident that Act 63 applied to two particular portions of the Judicial Code. We are cognizant that the mere fact that both topics of the bill are codified within the same title is not sufficient, standing alone, to satisfy Article III, Section 3. *City of Philadelphia, supra.* Nevertheless, it is clear from its title that Act 63 pertains to both ignition interlock systems and restitution as a consequence of identify theft. Hence we conclude that the title of this legislation clearly expresses its subject matter. That leaves for our examination the second of the "dual requirements" of Section 3, whether it can be said to encompass a single subject. *See id.* at 586.

¶ 13 The Commonwealth correctly points out the substance of the Act provides for specific consequences resulting from the conviction of two particular crimes. The sections relating to ignition interlock systems provide for the installation of such devices under certain circumstances following a conviction for driving under the influence. The section relating to identity theft addresses particular forms of restitution which are allowable upon conviction of that specific crime. Although the Act imposes different consequences for two discrete offenses, we are satisfied that these provisions are properly related and germane to a single general purpose, i.e. precise criminal sanctions. Additionally, the title to the legislation very specifically identifies the particular crimes targeted by the Act. Accordingly, because the provisions of Act 63 were germane to the same subject and the title of the Act in its final version clearly indicated its subject matter,

we conclude that Article III, Section 3 was not offended. *See North–Central Pennsylvania Trial Lawyers Assoc. v. Weaver,* 827 A.2d 550, 557 (Pa.Cmwlth.2003)(finding no Article III, Section 3 violation where "[the challenged bill] as finally amended had a clear and not misleading title and that its provisions related to a single subject, namely amendment of the Judicial Code."); *Commonwealth v. Eicher,* 413 Pa.Super. 235, 605 A.2d .337 (1992)(finding Act which provided for several amendments to the Crimes Code did not impermissibly contain more than one subject where the language gave sufficient notice of the contents of the bill), *appeal denied,* 533 Pa. 598, 617 A.2d 1272 (1992); *Ritter v. Commonwealth,* 120 Pa.Cmwlth. 374, 548 A.2d 1317, 1321 (1988)(concluding Act which contained amendments to several sections of the Crimes Code embraced a single subject, "[d]espite the disparity in the types of acts described for which sanctions are imposed,"), *affirmed,* 521 Pa. 536, 557 A.2d 1064 (1989). *Cf. City of Philadelphia, supra* (finding objective of Article III, Section 3 was not satisfied in voluminous bill containing varying and diverse provisions impacting municipalities, most having been included at the last minute and many not referenced in the title).

¶ 14 In summary, because we are satisfied that Act 63 does not violate Article III, Section 3 of the Pennsylvania Constitution, we reject Appellant's contention that the entire Act must be set aside. Nonetheless, pursuant to our Supreme Court's decision in *Mockaitis,* the trial court was without statutory authority to impose the requirements of installing an ignition interlock device in its sentence. *Randal, supra.* We must therefore vacate Appellant's sentence to the extent that it includes a requirement that she install an ignition interlock system on her vehicles. *Id.* at ¶ 8 (explaining that this Court may amend a sentence directly without a need for remand for resentencing).

¶ 15 Judgment of sentence imposing the installation of the ignition interlock system vacated; in all other respects, the judgment of sentence is affirmed.