J-S08014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DUSTIN A. HILL | |
| Appellant | No. 1294 MDA 2020 |

Appeal from the Judgment of Sentence entered May 5, 2020
In the Court of Common Pleas of Luzerne County
Criminal Division at No: CP-40-CR-0003670-2018

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DUSTIN A. HILL | |
| Appellant | No. 1295 MDA 2020 |

Appeal from the Judgments of Sentence entered May 5, 2020
In the Court of Common Pleas of Luzerne County
Criminal Division at No: CP-40-CR-0003659-2018

BEFORE:  STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:          **FILED: MAY 19, 2021**

Appellant, Dustin A. Hill, appeals from the judgments of sentence imposed in the Court of Common Pleas of Luzerne County on May 5, 2020.

---

[*] Former Justice specially assigned to the Superior Court.

Counsel has filed a brief and petition to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), challenging the discretionary aspects and the legality of Appellant's sentences. We grant counsel's petition to withdraw and affirm Appellant's judgment of sentences.

The factual and procedural background is not at issue. The trial court summarized it as follows.

> This matter arises from two informations filed by the Luzerne County District Attorney against [Appellant]. Information number 3659 of 2018 was filed on November 20, 2018 and charged [Appellant] with fleeing or attempting to elude police officer, unauthorized use of automobiles and other vehicles, habitual offenders and driving while operating privilege is suspended or revoked. These charges resulted from a high speed pursuit of [Appellant] while he was operating a vehicle as a habitual offender with his license suspended due to a DUI conviction and without the consent of the owner.
>
> Information number 3670 of 2018 was filed on November 20, 2018 and charged [Appellant] with possession with intent to deliver a controlled substance. This charge resulted from a traffic stop during which [Appellant] fled from the police and discarded fifteen bundles of fentanyl as he ran.
>
> [Appellant] pled guilty to fleeing or attempting to elude police officer on September 16, 2019 and possession with intent to deliver a controlled substance on September 30, 2019. Sentencing occurred on May 5, 2020. [Appellant] received a sentence of 48 to 96 months on the possession with intent charge and a consecutive sentence of 12 to 24 months on the fleeing or attempting to elude charge. Both sentences were within the standard range of the sentencing guidelines based on [Appellant]'s prior record score of five. [Appellant] received credit for 591 days of incarceration served prior to sentencing.
>
> On May 14, 2020, a motion for reconsideration was filed on behalf of [Appellant]. The motion requested a Recidivism Risk

> Reduction Incentive sentence as well as concurrent sentences. This motion was denied on September 9, 2020.
>
> Timely notices of appeal were filed on behalf of [Appellant] on October 5, 2020. Orders were then issued by [the trial court] on October 6, 2020 which required that a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) be filed by [Appellant] within twenty-one days. Appellate counsel complied with the order by filing concise statements on October 26, 2020. In the statements, appellate counsel indicated his intention to file an *Anders* brief since there were no "non-frivolous" issues to be raised on appeal.

Trial Court Opinion, 12/23/20, at 1-2.

The *Anders* brief challenges the legality and the discretionary aspects of Appellant's sentences. Before we address the merits of the challenges, however, we must consider the adequacy of counsel's compliance with *Anders* and *Santiago*. Our Supreme Court requires counsel to do the following.

> Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
> (3) set forth counsel's conclusion that the appeal is frivolous; and
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points

- 3 -

that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014).

Counsel's brief complies with these requirements by (1) providing a summary of the procedural history and facts; (2) referring to matters of record relevant to this appeal; and (3) explaining why the appeal is frivolous. Counsel also sent his brief to Appellant with a letter advising him of the rights listed in **Orellana**. Accordingly, all of **Anders**' requirements are satisfied.

Appellant first argues that the sentencing court erred in not considering Appellant eligible for the Recidivism Risk Reduction Incentive (RRRI) program.

> This Court has held that an attack upon the power of a court to impose a given sentence is a challenge to the legality of a sentence. **Commonwealth v. Lipinski**, 841 A.2d 537, 539 (Pa. Super. 2004); **see also Commonwealth v. Hansley**, 994 A.2d 1150 (Pa. Super. 2010) (challenge to trial court's imposition of RRRI sentence with mandatory minimum sentence constitutes challenge to trial court's sentencing authority).

**Commonwealth v. Robinson**, 7 A.3d 868, 870 (Pa. Super. 2010). "Our standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Brougher**, 978 A.2d 373, 377 (Pa. Super. 2009) (citation omitted).

RRRI eligibility is set forth in 61 Pa.C.S.A. § 4503:

> "Eligible person." A defendant or inmate convicted of a criminal offense who will be committed to the custody of the department and who meets all of the following eligibility requirements:

- 4 -

(1) Does not demonstrate a history of present or past violent behavior.

(2) Has not been subject to a sentence the calculation of which includes an enhancement for the use of a deadly weapon as defined under law or the sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing or the attorney for the Commonwealth has not demonstrated that the defendant has been found guilty of or was convicted of an offense involving a deadly weapon or offense under 18 Pa.C.S. Ch. 61 (relating to firearms and other dangerous articles) or the equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation or criminal attempt, criminal solicitation or criminal conspiracy to commit any of these offenses.

(3) Has not been found guilty of or previously convicted of or adjudicated delinquent for or criminal attempt, criminal solicitation or criminal conspiracy to commit murder, a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a personal injury crime as defined under section 103 of the act of November 24, 1998 (P.L. 882, No. 111),[1] known as the Crime Victims Act, except for an offense under 18 Pa.C.S. § 2701 (relating to simple assault) when the offense is a misdemeanor of the third degree, or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

(4) Has not been found guilty or previously convicted or adjudicated delinquent for violating any of the following provisions or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth

_____

[1] "Personal injury crime" is defined as, *inter alia,* "an act, attempt or threat to commit an act which would constitute a misdemeanor or felony under the following: . . . 18 Pa.C.S.A. Ch. 27 (relating to assault)." 18 P.S. § 11.103.

of Puerto Rico or a foreign nation or criminal attempt, criminal solicitation or criminal conspiracy to commit any of these offenses:

18 Pa.C.S. § 4302(a) (relating to incest).

18 Pa.C.S. § 5901 (relating to open lewdness).

18 Pa.C.S. Ch. 76 Subch. C (relating to Internet child pornography).

Received a criminal sentence pursuant to 42 Pa.C.S. § 9712.1 (relating to sentences for certain drug offenses committed with firearms).

Any offense listed under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders) or I (relating to continued registration of sexual offenders).

Drug trafficking as defined in section 4103 (relating to definitions).

(5) Is not awaiting trial or sentencing for additional criminal charges, if a conviction or sentence on the additional charges would cause the defendant to become ineligible under this definition.

(6) Deleted by 2019, Dec. 18, P.L. 776, No. 115, § 13, imd. effective.

61 Pa.C.S. § 4503(1)–(6) (footnotes omitted).

The court is required to ascertain whether the defendant is eligible for

a RRRI sentence:

(b.1) Recidivism risk reduction incentive minimum sentence.-- The court shall determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence under 61 Pa.C.S. Ch. 45 (relating to recidivism risk reduction incentive). If the defendant is eligible, the court shall impose a recidivism risk reduction incentive minimum sentence in addition to a minimum sentence and maximum sentence except, if the defendant was previously sentenced to two or more recidivism risk reduction incentive minimum sentences, the court shall have

the discretion to impose a sentence with no recidivism risk reduction incentive minimum.

42 Pa.C.S. § 9756(b.1).

Instantly, the record shows that Appellant's eligibility was raised at the sentencing hearing. Indeed, in response to counsel's argument that Appellant was eligible for RRRI, the sentencing court, relying on the presentence investigation report, noted that he was not. N.T., 5/5/20, at 12-14. Thus, at sentencing, the trial court determined that Appellant was not eligible for the RRRI program, but it did not elaborate on the reasons. Trial counsel, while reiterating that Appellant was eligible for RRRI, did not challenge the court's determination or its reliance on the presentence investigation report. *Id.* In his brief in response to the **Anders** Brief, without much elaboration, Appellant stated that he "did not possess a conviction/sentence for an offense that would disqualify him from participation in RRRI[.]" Response, 2/19/21, at 11-12. The record, however, shows otherwise.

In its order denying Appellant's motion for reconsideration, the trial court noted:

> [Appellant] is not eligible for a [RRRI] sentence as a result of his guilty to recklessly endangering another person on case number 1579 of 2016. To be eligible for [a] RRRI sentence, a defendant must not have been found guilty of a personal injury crime as defined in 18 P.S. Section 11.103. Person injury crimes as defined by Section 11.103 include Chapter 27 offenses. Recklessly endangering another person is a chapter 27 offense, See 18 Pa.C.S.A. [§] 2705.

Order, 9/9/20, at 1.

We agree. On January 6, 2017, Appellant pled guilty to recklessly endangering another person, graded as M2, for which, on March 1, 2017, he was sentenced to three to six months' imprisonment. This 2017 recklessly endangering another person conviction makes Appellant ineligible for the RRRI program. **See Commonwealth v. Garzone**, 993 A.2d 1245 (Pa. Super. 2010). In **Garzone**, we noted:

> [A]ssuming, *arguendo*, the RRRI is applicable to [a]ppellant's case, [a]ppellant is not an eligible offender since he pled guilty to recklessly endangering another person. **See** 61 Pa.C.S.A. § 4503(3) (a defendant is an eligible offender if the "has not been found guilty of or previously convicted of or adjudicated delinquent for or an attempt or conspiracy to commit a personal injury crime as defined under section 103 of the act of November 24, 1998, [which is found at 18 P.S. § 11.11.103]."); 18 P.S. § 11.103 (defining "personal injury crime" to include those found in 18 Pa.C.S. Ch.27); 18 Pa.C.S.A. § 2705 (setting forth the crime of recklessly endangering another person).

**Id.** at 1254 n. 7.

In light of the foregoing, we conclude that the legality of sentence claim is without merit.

Next, as noted, Appellant argues that the trial court abused its discretion by failing to run the sentence imposed at 3659-2018 concurrently with the sentence imposed at 3670-2018.[2] This issue implicates the

---

[2] In the **Anders** Brief and Appellant's response to the **Anders** Brief, Appellant argues that the trial court erred in applying an offense gravity score (OGS) of 9, rather than 8, when calculating his sentence at 3670-
*(Footnote Continued Next Page)*

discretionary aspects of his sentence. ***Commonwealth v. Moury***, 992 A.2d 162, 169 (Pa. Super. 2010) (challenging the imposition of consecutive sentences implicates the discretionary aspects of the sentence).

Because "there is no absolute right to appeal when challenging the discretionary aspect of a sentence," ***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa. Super. 2013), an appellant challenging the discretionary aspects of a sentence must invoke this Court's jurisdiction by satisfying a four-part test. We must determine: 1) whether the appellant has filed a

*(Footnote Continued)* ——————————

2018. The issue is waived because it was not raised before the trial court in Appellant's motion for reconsideration. ***See*** Pa.R.A.P. 302(a).

In any event, even if properly before us, Appellant would not be entitled to relief. First, a challenge to the calculation of the OGS implicates a challenge to the discretionary aspects of his sentence. ***See***, ***e.g.***, ***Commonwealth v. Archer***, 722 A.2d 203, 209 (Pa. Super. 1998) (*en banc*) ("misapplication of the Sentencing Guidelines constitutes a challenge to the discretionary aspects of sentence").

As noted, Appellant argues that the trial court should have applied offense OGS 8, as opposed to OGS 9. According to Appellant, the trial court should have applied the sentencing guidelines in force at the time of sentencing, not those in force at the time of the offense.

Pursuant to 204 Pa. Code § 303.1(c), the applicable sentencing guidelines edition is determined not by the date of sentencing, but by the date of the offense. ***See also Commonwealth v. Kimbrough***, 872 A.2d 1244, 1263 (Pa. Super. 2005) (same). Under the edition in force at the time the underlying crime was committed (here September 23, 2018), the OGS for possession with intent to deliver was 9. Under the edition in force at the time of sentence, the OGS for possession with intent to deliver was 8. The trial court, which applied the OGS as determined at the time of the commission of the crime, did not err in applying the OGS 9. The claim has no merit.

timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether the appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Moury*, 992 A.2d at 169-70.

For purposes of our review, we accept that Appellant has met the first three requirements of the above test. Therefore, we must determine whether Appellant raised a substantial question. Whether a particular issue constitutes a substantial question regarding the appropriateness of sentence is a question to be evaluated on a case-by-case basis. *See, e.g., Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001), *appeal denied*, 796 A.2d 979 (Pa. 2002).

As noted in *Commonwealth v. Mastromarino*, 2 A.3d 581 (Pa. Super. 2010),

> [a] substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the [Pa. R.A.P.] 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

*Id.* at 585-86 (citation omitted); *see also* 42 Pa.C.S.A. § 9781(b).

A review of Appellant's statement of questions and his Pa.R.A.P. 2119(f) statement reveals that Appellant failed "to articulate what particular provision of the code is violated, what fundamental norms the sentence

violates, and the manner in which it violates that norm." The most we can gather from Appellant's statement is a generic complaint concerning the length of the sentence due to the imposition of consecutive sentences and the failure to consider certain mitigating factors.

Regarding the imposition of consecutive sentences, it is well established that "the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in *only* the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Moury***, 992 A.2d at 171-72 (emphasis added); ***see also Commonwealth v. Dodge***, 77 A.3d at 1270 (a defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges "if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question."). Appellant failed to explain why the instant sentence is "unduly harsh, considering the nature of the crimes and the length of imprisonment," ***Moury***, ***supra***, or why the sentence, which falls within the sentencing guidelines, is "clearly unreasonable" under the circumstances. ***Dodge***, ***supra***.

Similarly, Appellant failed to raise a substantial question regarding the sentencing court's alleged failure to consider Appellant's acceptance of

responsibility for the crimes and its failure to account for his addiction. This Court has held on numerous occasions that an allegation that a sentencing court failed to consider or did not adequately consider mitigating factors does not raise a substantial question for our review. *See*, *e.g.*, *Commonwealth v. Wellor*, 731 A.2d 152, 155 (Pa. Super. 1999).[3]

Even if we were to find that Appellant raised a substantial question for our review, he would not be entitled to relief. Indeed, the record shows that Appellant was sentenced "in the low end of the standard range," N.T. Sentencing, 5/20/20, at 13, and that the sentencing court had the benefit of a presentence investigation report. As such, we presume that it was "aware of all appropriate sentencing factors and considerations," and we will not disturb the sentencing court's discretion. *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (discussing *Commonwealth v. Devers*, 546 A.2d 12 (Pa. 1988)). As we indicated in *Moury*, 992 A.2d at 171, "where the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence

_____

[3] A review of Appellant's argument in support of his claim suggests that Appellant is mostly dissatisfied with the way the sentencing court handled the mitigating circumstances. It is well established, however, that mere dissatisfaction with a sentence is not enough to trigger our jurisdiction. *Moury*, 992 A.2d at 175 ("court['s] refus[al] to weigh the proposed mitigating factors as [a]ppellant wished, absent more, does not raise a substantial question.").

excessive." ***Commonwealth v. Corley***, 31 A.3d 293, 298 (Pa. Super. 2011).

In light of the foregoing, Appellant's claim that the sentencing court abused its discretion in fashioning his sentence would be without merit.

We have conducted an independent review of the record and have addressed Appellant's arguments on appeal. Based on our conclusions above, we agree with Appellant's counsel that the issue Appellant seeks to litigate in this appeal is without merit, and our independent review of the record has not revealed any other meritorious issues. We affirm the judgment of sentence and grant counsel's application to withdraw.

Judgments of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/19/2021