J-S28015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIELLE NICOLE KLINE | : | |
| | : | |
| Appellant | : | No. 258 WDA 2023 |

Appeal from the Judgment of Sentence Entered January 5, 2023
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0000279-2022

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: February 15, 2024**

Danielle Nicole Kline brings this appeal from the judgment of sentence entered following her guilty plea to attempted homicide and robbery. This case returns to us after remand to the trial court for the filing of a supplemental Pa.R.A.P. 1925(b) statement and the issuance of an opinion pursuant to Pa.R.A.P. 1925(a). The parties also were directed to file new appellate briefs. The matter is now ripe for our disposition, and following our review of the updated record, we vacate the judgment of sentence and remand for further proceedings.

In our initial memorandum remanding this case to the trial court, we summarized the pertinent procedural history as follows:

---

[*] Former Justice specially assigned to the Superior Court.

> On November 2, 2022, Kline entered a negotiated guilty plea to attempted homicide and robbery wherein the parties agreed to a sentence of 72 to 154 months in prison on the attempted homicide charge and a concurrent term of 60 to 120 months on the robbery charge. The trial court accepted the entry of the plea and scheduled sentencing for January 5, 2023. Prior to sentencing, upon an oral motion by the Commonwealth, the trial court amended the attempted homicide count in the criminal information to attempted murder – murder of the second degree. Subsequently, on January 5, 2023, the trial court sentenced Kline in accordance with the plea agreement. Relevant herein, the sentencing order states that Kline was sentenced for "Criminal Attempt/Homicide (F1)" and there is no mention of the amended count of attempted second-degree murder. Nevertheless, the criminal docket states that Kline pleaded guilty and was sentenced for "Criminal Attempt – Murder of the Second Degree." Likewise, the court commitment document stated that Kline was sentenced on the offense of "Criminal Attempt – Murder Of The Second Degree."

*Commonwealth v. Kline*, 258 WDA 2023, 2023 WL 6784389, at *2 (Pa. Super. filed October 13, 2023) (Non-Precedential Decision). This timely appeal followed, and the trial court appointed appellate counsel, who then filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and a petition to withdraw as counsel.

We initially determined that, although appellate counsel satisfied the technical requirements for withdrawing from representation, our independent review of the record led to the conclusion that Kline's appeal is not wholly frivolous. Specifically, we observed there is arguably a non-frivolous issue as to the legality of Kline's sentence because, "although Kline pleaded guilty to attempted homicide, the trial court amended the criminal information prior to sentencing to reflect that the attempted homicide charge was an attempted

second-degree murder charge." **Kline**, 258 WDA 2023, 2023 WL 6784389, at *5. It is undisputed that "[t]here simply is no such crime as attempted second … degree murder" in Pennsylvania. **Commonwealth v. Williams**, 730 A.2d 507, 511 (Pa. Super. 1999).

Upon further review of the record, this panel observed that it was unclear whether the sentence imposed was for a conviction of attempted homicide or for an attempted-second degree murder conviction. We then concluded that "since the record is at least ambiguous as to the nature of the sentence, there is an arguably meritorious legality of sentence claim capable of being addressed on appeal." **Kline**, 258 WDA 2023, 2023 WL 6784389, at *6. We therefore remanded the case to the trial court for the filing of a supplemental Pa.R.A.P. 1925(b) statement by Kline, the issuance of an opinion pursuant to Pa.R.A.P. 1925(a), and the filing of new appellate briefs by the parties.

On remand, Kline's appellate counsel filed a Pa.R.A.P. 1925(b) statement on October 23, 2023. The trial court filed its Pa.R.A.P. 1925(a) decision on October 25, 2023. Both parties have filed briefs with this Court.

The single issue raised by Kline is whether her aggregate sentence should be vacated because one of her "convictions is [for] attempted second-degree murder which is a crime that does not exist and to which Ms. Kline could not have been sentenced." Appellant's Brief, at 8. She argues that, although she entered a guilty plea to attempted homicide, the information was

- 3 -

amended prior to sentencing and she was sentenced for criminal attempt/second-degree murder, which is a non-existent crime. As such, Kline posits that she cannot be charged with or sentenced to attempted second-degree murder, and her sentence should be vacated and remanded for further proceedings.

We begin by observing that, generally, upon entry of a guilty plea, an appellant waives all defects and defenses except: (1) the lack of jurisdiction; (2) the validity of the plea; and (3) the legality of the sentence. **See Commonwealth v. Jones**, 929 A.2d 205, 212 (Pa. 2007). A challenge to the legality of sentence is an attack upon the power of a court to impose a given sentence. **See Commonwealth v. Lipinski**, 841 A.2d 537, 539 (Pa. Super. 2004). As our Supreme Court has stated, "a trial court is not empowered under our Commonwealth's Sentencing Code to sentence an individual for a non-existent criminal offense." **Commonwealth v. McIntyre**, 232 A.3d 609, 616 (Pa. 2020). Issues relating to the legality of a sentence are reviewed *de novo*, and our scope of review is plenary. **See Commonwealth v. Infante,** 63 A.3d 358, 363 (Pa. Super. 2013).

On remand, the trial court authored a Pa.R.A.P. 1925(a) opinion that offered the following astute analysis:

> This [c]ourt, after reviewing the relevant case law, agrees with the Superior Court that a defendant cannot be charged, convicted or sentenced to attempted second-degree murder. Therefore, [Kline's] conviction and sentence should be vacated and remanded for further proceedings.

- 4 -

Trial Court Opinion, 10/25/23, at 1.

Likewise, the Commonwealth has conceded that Kline's sentence should be vacated, and the case remanded for resentencing. *See* Appellee's Brief at 2-3. To its credit, the Commonwealth states that it "acknowledges that its Amended Information does not comport with Pennsylvania case law. The Commonwealth further acknowledges that [Kline's] sentence is illegal because she was sentenced on a crime that does not exist in Pennsylvania." *Id*. at 2.

Upon further review of the record now before us,[1] we agree with the parties and the trial court that a sentence has been imposed on Kline for a nonexistent crime. It is undisputed that on November 2, 2022, Kline entered a negotiated guilty plea that included, at count 1, attempted homicide with an agreed upon sentence of 72 to 154 months in prison. However, prior to sentencing on January 5, 2023, upon an oral motion by the Commonwealth, the trial court amended the attempted homicide count in the criminal information to attempted murder – murder of the second degree. *See* N.T., 1/5/23 (Sentencing), at 3. Defense counsel stipulated to the amended information. *See id*. at 5.

Although the sentencing order states that Kline was sentenced at count 1 for "Criminal Attempt/Homicide (F1)", the certified record includes an order

---

[1]The certified record transmitted to this Court following remand includes a supplemental record containing, among other things, the official transcripts of Kline's guilty plea on November 2, 2022, and her sentencing hearing on January 5, 2023.

from the trial court memorializing the amendment at count 1 of Kline's information from "attempted murder" to "attempted murder of the second degree." **See** Order, 1/5/23, at 1. In addition, the criminal docket indicates Kline was sentenced for "Criminal Attempt – Murder of the Second Degree," and the court commitment document stated Kline was sentenced on the offense of "Criminal Attempt – Murder Of The Second Degree."

We are satisfied that the record supports our observations as outlined above. Accordingly, we agree with the trial court that the judgment of sentence must be vacated, and the case remanded for further proceedings.[2]

Judgment of sentence vacated. Case remanded for further proceedings as herein stated. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/15/2024

---

[2] We acknowledge in her *pro se* notice of appeal, Kline argued that she "was misrepresented and mislead" by her plea counsel and improperly induced into entering her guilty plea. *Pro Se* Notice of Appeal, 1/19/23, at 1. However, claims of ineffective assistance are more appropriately presented on collateral review pursuant to a timely filed petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. **See Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013) (reaffirming the general rule that "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal").