606 A.2d 660

Jacob DINTZIS, Individually, Citizens against Higher Taxes, Pennsylvania Leadership Council, Association of Southeastern Regional Taxpayers, Erie County Taxpayers Coalition By and Through its Members Allison Schmidt et al., Petitioners,

v.

Richard HAYDEN, Robert W. O'Donnell, Ralph Acosta et al., Respondents.

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 1992.

Decided March 30, 1992.

J. Douglas Austin and Douglas P. Yauger, for petitioners.

Alexander Kerr, for respondents.

Before DOYLE and KELLEY, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

Before us in our original jurisdiction are preliminary objections filed by Richard Hayden, Robert W. O'Donnell, Ralph Acosta, Anthony Hardy Williams and Nicholas J. Maiale (collectively Defendant Members), who are members of Pennsylvania's House of Representatives, in response to a "Complaint in Equity for Declaratory and Injunctive Relief" filed by the named Plaintiffs, who can briefly be described as citizen groups which oppose higher taxes.

The complaint alleges that on or about August 3, 1991 the Pennsylvania House of Representatives (House) was considering House Bill 1536 which established a spending plan regarding the Commonwealth's budget for the 1991–92 fiscal year. On that date a vote was taken on the bill and the count was 102 "yeas" to 99 "nays." It was necessary

to have 102 "yea" votes, a constitutional majority, for the bill to pass in the House. The bill was then forwarded to the Senate for its consideration and was ultimately passed and sent to the Governor for his signature. It became known as Act 7A of 1991 when the Governor signed it on August 4, 1991.

Plaintiffs aver that Defendant Hayden caused his vote to be cast while he was in fact absent from the Hall of the House by mechanically manipulating his electronic roll call device via use of a paper clip "thereby fixing said device in the 'yes' position, and therefore allowing his vote to be recorded." House Rule 64 requires that each Member:

shall be present within the Hall of the House during its sittings, unless excused by the House or unavoidably prevented, and shall vote for or against each question put, unless he has a direct personal or pecuniary interest in the determination of the question, or unless he is excused by the House.

No member shall be permitted to vote and have his vote recorded on the roll unless he is present in the Hall of the House during the roll call vote.

The Legislature Journal shall show the result of each roll call by yeas and nays and those absent and not voting.

House Rule 66 provides:

Any member or other person who willfully tampers with or attempts to disarrange, deface, impair, or destroy in any manner whatsoever electrical voting equipment used by the House, or who instigates, aids or abets with the intention to destroy or change the record of votes thereon shall be punished in such manner as the House determines.

Plaintiffs aver that Defendant O'Donnell, as Speaker of the House, had an obligation to prevent the recording of Hayden's vote and that Acosta, Williams, and Maiale, whose seats were adjacent to Hayden's, should have noticed the latter's absence and the fact that Hayden's roll call device

had been tampered with, and should have notified the leadership of the House of these facts.

Plaintiffs further maintain that but for Hayden's "yea" vote, there would have been an insufficient number of votes for the bill's passage and the bill would not have been approved. They allege that Hayden's actions, along with those of the other named Members of the House, were *ultra vires* and hence, that Act 7A of 1991 is invalid. Consequently, they further aver that to the extent the Act authorized payment on debts owed by the Commonwealth such authorization is void and, thus, Catherine Baker Knoll, who is Treasurer of the Commonwealth and another named defendant in this case,[1] has acted improperly in authorizing said payments.

Plaintiffs seek a declaration that Act 7A is invalid, and an injunction enjoining Treasurer Knoll from "performing any duties that [the Act] requires of her."

Defendant Members have filed preliminary objections asserting (1) lack of standing, (2) immunity under the Speech and Debate Clause of the Pennsylvania Constitution (3) nonjusticiability and (4) preclusion of judicial review due to the Enrolled Bill Doctrine. They have also moved to strike certain conspiracy and damage claims in the complaint.

Because we agree with Defendant Members that this issue is not a justiciable one, we will sustain the preliminary objection pertaining to that issue and dismiss the complaint.

It is clear that Plaintiffs' case rests solely upon their allegation that certain House rules have been violated. They never allege, however, that Representative Hayden would not have voted for H.B. 1536 had he been in his seat, nor that some unauthorized individual fraudulently activated Hayden's switch.

---

1. In a consent petition adopted by this Court on January 3, 1992 the parties agreed to dismiss Treasurer Knoll as a defendant in the action and in return she agreed to abide by any order of Court entered in this matter.

■ We are aware that in ruling upon preliminary objections we must take as true all well-pled facts and inferences deducible therefrom. *Department of Transportation v. Pennsylvania Power & Light Co.*, 34 Pa.Commonwealth Ct. 594, 383 A.2d 1314 (1978). We thus assume, for purposes of the disposition of the preliminary objections, that Hayden did violate the House rules as alleged and that the other named Members were aware of the violation, but failed to act in such a way as to bring it to the attention of House leaders or otherwise demand that the rules be enforced. Even assuming these matters to be true, however, this Court will not adjudicate the issue because the violations of the House's own internal rules do not present a justiciable controversy.

■ In *Sweeney v. Tucker*, 473 Pa. 493, 375 A.2d 698 (1977), our state Supreme Court explained that where there is a challenge to legislative power, which the Constitution commits exclusively to the legislature, a non-justiciable political question is presented. The *Sweeney* Court noted that the question of whether a non-justiciable political question is presented is one for the courts to decide, and the Supreme Court, in making its decision on justiciability, adopted the standards enunciated by the United States Supreme Court in *Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). The pertinent language is as follows:

It is apparent that several formulations which vary slightly according to the settings in which the questions arise may describe a political question, although each one has more elements which identify it as essentially a function of the separation of powers. Prominent on the surface of any case held to involve a political question is found a textually demonstrable constitutional commitment of the issue to a coordinate political department; or a lack of judicially discoverable and manageable standards for resolving it; or the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or the impossibility of a court's undertaking independent resolution without expressing lack of the

respect due coordinate branches of government; or an unusual need for unquestioning adherence to a political decision already made; or the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

*Sweeney,* 473 Pa. at 510, 375 A.2d at 706 (quoting *Baker v. Carr,* 369 U.S. at 217, 82 S.Ct. at 710). In *Ritter v. Commonwealth,* 120 Pa.Commonwealth Ct. 374, 548 A.2d 1317 (1988), *aff'd per curiam,* 521 Pa. 536, 557 A.2d 1064 (1989), this Court, employing the *Baker* standard, held that the Pennsylvania House of Representatives has exclusive power over its internal affairs and proceedings and that we would not review the legislature's internal affairs. While the justiciability doctrine permits an exception where a legislative rule conflicts with the Constitution, *Zemprelli v. Daniels,* 496 Pa. 247, 436 A.2d 1165 (1981), no such suggestion even appears in the Plaintiffs' complaint here.

Under Article II Section 11 of the Pennsylvania Constitution the House is empowered "to determine the rules of its proceedings." It has done so via the rules in question here and if those rules have not been followed it is up to the House, not this Court, to remedy the situation.[2] Indeed, Article II Section 11 indicates a "textually demonstrable constitutional commitment ... to a coordinate political department" as recognized in *Baker. Ritter.* Accordingly, we are obliged to sustain the preliminary objection pertaining to non-justiciability.

Even if the non-justiciability problem were not a bar to Plaintiffs' lawsuit, the Enrolled Bill Doctrine is. That doctrine has been as described as follows:

In regard to the passage of the law and the alleged disregard of the forms of legislation required by the constitution, we think the subject is not within the pale of judicial inquiry. So far as the duty and the consciences of the members of the legislature are involved the law is mandatory. *They are bound by their oaths* to obey the

2. For example, a complaint certainly could have been brought to the House Leadership by those Members who voted *against* the act.

constitutional mode of proceeding, and any intentional disregard is a breach of duty and a violation of their oaths. But when a law has been passed and approved and certified in due form, *it is no part of the duty of the judiciary to go behind the law as* duly certified to inquire into the observance of form in its passage. The presumption applies to the act of passing the law, that applies generally to the proceedings of anybody whose sole duty is to deal with the subject. *The presumption in favor of regularity is essential* to the peace and order of the state.

If every law could be contested in the courts on the ground of informality in its enactment, the *floodgate of litigation* would be opened so widely, society would be deluged in the flow. It is not a question of fraud in which that is set up as law which never was so in form or in fact, but a question of regularity in the conduct of those who have the power to enact the law, and who declare it to be such. *The evidence of a law—its actual existence—we may inquire into;* for before we are bound by it, we must be satisfied it is the act of the legislature, however informally they may have conducted the process by which they have made it a law.

*Velasquez v. Depuy,* 90 Dauph. 217, 236–37, 46 Pa.D. & C.2d 587, 610–11 (1969) (quoting *Kilgore v. Magee,* 85 Pa. 401, 412 (1877)) (emphasis added by *Velasquez* court). In *Velasquez,* as here, the plaintiffs sought to challenge a newly enacted tax law on, *inter alia,* the basis that certain members of the House of Representatives had not been physically present when their votes were cast. The court held that the Enrolled Bill Doctrine precluded it from inquiring into the manner in which the legislation has been passed. While an exception to that doctrine has been created by our Supreme Court, to fall within that exception Plaintiffs must have a case where the facts are undisputed and a violation of a mandatory constitutional provision has occurred. *Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. 158, 180, 507 A.2d 323, 334 (1986). As

neither of these factors are present in this case, the doctrine would preclude our further review of this matter.

The House may, if it so chooses, permit absentee voting by its members. It may also, and on occasion does, suspend the Rules of the House, so that members who are not present may vote on important legislation. Whether or not it should have adopted either of these procedures is a question we are constrained not to answer.

Based on the foregoing discussion, the preliminary objection pertaining to non-justiciability is sustained and the complaint is dismissed.[3]

## ORDER

NOW, March 30, 1992, the preliminary objection pertaining to non-justiciability in the above-captioned matter is sustained and the complaint is hereby dismissed.

---

**3.** Because of our disposition of this case we need not discuss the other preliminary objections relating to standing and the Speech and Debate Clause.