**Honorable Jannie L. BLACKWELL, in her official capacity as Councilwoman, and Michael D. Williams**

**v.**

**CITY OF PHILADELPHIA, and Honorable A. Jonathan Saidel, in his official capacity as City Controller, and Honorable Philip Rivera, Jr., in his official capacity as Director of Personnel, and Honorable Clarence Armbrister, in his official capacity as City Treasurer, and Honorable John F. Street, in his official capacity as President of City Council, Appellants.**

Commonwealth Court of Pennsylvania.

Argued Feb. 8, 1995.

Decided June 5, 1995.

■

---

Richard Feder, Deputy City Sol., for appellants City of Philadelphia, Jonathan A. Saidel, Philip Rivera, Jr., and Clarence Armbrister.

Carl E. Singley, for appellant John F. Street.

Richard A. Sprague, for appellees.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, FRIEDMAN, KELLEY and NEWMAN, JJ.

KELLEY, Judge.

The City of Philadelphia (City), John F. Street, City Council President, Jonathan A. Saidel, City Controller, Philip Rivera, Jr., Personnel Director, and Clarence Armbrister, City Treasurer, (hereinafter collectively referred to as the "Appellants") appeal from a May 20, 1994 order of the Court of Common Pleas of Philadelphia County (trial court) denying the Appellants' petition to open judgment.[1]

On June 1, 1992, Jannie L. Blackwell, a member of the City Council of Philadelphia (City Council), in her capacity as a City Councilwoman directed that Michael Williams (Williams) be hired as a special assistant on her personal council staff. The position which Williams was hired to fill was a non-civil service position. The President of

---

[1] Appellants' notice of appeal states that they are appealing both the trial court's order entering peremptory judgment and the order denying the petition to open judgment. However, it is clear that the latter order is the only one appealable.

*Hamby v. Stoe*, 448 Pa. 483, 295 A.2d 309 (1972); *Parents Against Abuse in Schools v. Williamsport Area School District*, 140 Pa.Commonwealth Ct. 559, 594 A.2d 796 (1991).

City Council, John Street (Street), complied with Blackwell's hiring request by notifying and authorizing the City's personnel department to include Williams in the City's personnel system.

On January 2, 1993, Street, in his capacity as president of City Council, notified Williams through a written letter that he was being terminated from his position with Blackwell effective 5:00 p.m., February 2, 1993. The basis for Street's termination of Williams, as stated in Street's letter of January 2, 1993, was the fact that Williams had previous felony convictions for illegal narcotics which Williams failed to disclose at the time of his employment. The convictions were under a different name than that used by Williams on his employment records.

Blackwell did not concur in Street's decision to terminate Williams and requested Street three times to reconsider and rehire Williams. Street offered no response; therefore, on January 10, 1994, Blackwell and Williams filed a complaint in mandamus and a motion for immediate peremptory judgment against Appellants with the trial court. Preliminary objections were filed to the complaint in mandamus by Appellants.

By order of May 6, 1994, the trial court sustained Appellants' preliminary objections to Count I of the complaint in mandamus requesting the court to reinstate Williams' employment retroactive to February 2, 1993, thus dismissing Count I with prejudice. As to Count II of the complaint to immediately reinstate Williams, the trial court sustained Appellants' preliminary objections as to Williams, but overruled the preliminary objections as to Blackwell. The trial court then granted Blackwell's motion for peremptory judgment. The trial court also granted Blackwell's request for mandamus relief and ordered that she was entitled to rehire Williams effective immediately. Williams' motion for mandamus relief was denied.

Thereafter, Appellants filed a petition to open judgment which the trial court denied by order of May 20, 1994. This appeal by Appellants followed.[2] Williams did not appeal the trial court's order denying his motion for mandamus relief; therefore, he is no longer a party directly involved in this action.

Initially we note that where a party appeals a denial of its petition to open peremptory judgment, this court's scope of review is limited to determining whether the trial court abused its discretion. *Washowich v. McKeesport Municipal Water Authority*, 94 Pa.Commonwealth Ct. 509, 503 A.2d 1084 (1986). A trial court's refusal to open a peremptory judgment is an abuse of discretion where the judgment was entered based upon a misapplication or misinterpretation of the law. *Id.* at 513, 503 A.2d at 1086. In order to determine whether the trial court erred in refusing to open the peremptory judgment, this court must look to the law which governs mandamus actions. *Id.*

A peremptory judgment in a mandamus action is appropriately entered only where there exists no genuine issue of fact, and where the case is free and clear from doubt. *Shaler Area School District v. Salakas*, 494 Pa. 630, 432 A.2d 165 (1981). The burden of demonstrating that no genuine issue of material fact exists and that one is entitled to judgment as a matter of law is on the moving party and the record must be examined in the light most favorable to the non-moving party. *Wolgemuth v. Kleinfelter*, 63 Pa.Commonwealth Ct. 395, 437 A.2d 1329 (1981).

Mandamus is an extraordinary writ and is a remedy used to compel performance of a ministerial act or a mandatory duty. *Borough of Plum v. Tresco*, 146 Pa.Commonwealth Ct. 639, 606 A.2d 951 (1992). In order to prevail in an action for mandamus, there must be a clear legal right in the appellee for performance of the ministerial act or mandatory duty, a corresponding duty in the appellant to perform the ministerial act or mandatory duty, and no other appropriate remedy available. *Equitable Gas Co. v. City of Pittsburgh*, 507 Pa. 53, 488 A.2d 270 (1985).

2. Appellants' appeal to this court resulted in an automatic supersedeas of the trial court's order pursuant to Pa.R.A.P. 1736. Blackwell filed with this court an application to vacate the automatic supersedeas which was denied by order of this court on July 19, 1994.

■ Appellants, collectively, and Street, individually, present several issues on appeal for review by this court only one of which this court need address: Whether the trial court erred in reaching the merits of this dispute, rather than dismissing Blackwell's complaint for non-justiciability, where Blackwell requested the trial court to interpret and enforce the internal rules of City Council. Because we agree with Appellants that the trial court should have dismissed Blackwell's complaint for non-justiciability, we reverse the order of the trial court.

By resolution introduced January 6, 1992, the whole City Council adopted certain rules for the government of the City Council. These rules were adopted pursuant to section 2–104 of the Philadelphia Home Rule Charter. Section 2–104 provides, in part, that "[t]he Council shall adopt rules ... defining the duties of its President and of its chief clerk and employees, and otherwise providing for its own organization. It shall employ and fix the salaries of such persons as may be necessary for the proper discharge of its business." 351 Pa.Code § 2.2–104.

The section of the City Council's internal rules that Blackwell maintains Street, as President of City Council, violated provides as follows:

8. The President shall appoint and dismiss at his/her discretion the employees of the Council with the following exceptions:

a. the Chief Clerk of the Council, who shall be elected or removed by a majority vote of the members of the Council;

b. the Administrative Assistant and the Clerk–Typist, or any other personnel serving each individual Council member, who shall be appointed or dismissed as directed by the Council member being served.

Reproduced Record (R.) at 41a.

Appellants contend that this case presents a non-justiciable question as this is a matter involving a dispute concerning the internal affairs of the City Council. In response, Blackwell maintains that the case is justiciable because the trial court was called upon to determine, by way of familiar principles of statutory construction, whether Street and the other appellants abridged a binding provision unanimously enacted by City Council in meeting the commands of the Philadelphia Home Rule Charter. Blackwell contends that given that the rights of the parties were able to be determined by the construction and application of the binding section 8 of the rules, Appellants are plainly mistaken in their contention that the trial court erred in making this obligatory determination.[3]

In *Dintzis v. Hayden*, 146 Pa.Commonwealth Ct. 618, 606 A.2d 660 (1992), this court held that it would not adjudicate the issue of whether a member of the Pennsylvania House of Representatives violated the House's internal rules governing roll call voting because the violation of the House's own internal rules did not present a justiciable controversy. In reaching this holding, this court in *Dintzis* relied on our Supreme Court's decision in *Sweeney v. Tucker*, 473 Pa. 493, 375 A.2d 698 (1977), wherein our Supreme Court "noted that the question of whether a non-justiciable political question is presented is one for the court to decide." *Dintzis* at 622, 606 A.2d at 662. The Supreme Court in *Sweeney*, in making its decision on justiciability, adopted the standard enunciated by the United States Supreme Court in *Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962)." The *Baker* court stated that:

It is apparent that several formulations which vary slightly according to the settings in which the questions arise may describe a political question, although each one has more elements which identify it as essentially a function of the separation of powers. Prominent on the surface of any case held to involve a political question is found a textually demonstrable constitutional commitment of the issue to a coordinate political department; or a lack of judicially discoverable and manageable

---

**3.** Blackwell's claims as set forth in Count II of her complaint for mandamus were based upon the allegation that paragraph 8 of section II of the City Council's rules for the government of the council has been violated by Street's failure to comply with his duty owed and created under this section of the rules. Blackwell alleges that pursuant to this rule, she has the sole and exclusive authority to select the individuals who are to serve on her personal council staff.

standards for resolving it; or the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; or an unusual need for unquestioning adherence to a political decision already made; or the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

*Id.* at 623, 606 A.2d at 662 (quoting *Sweeney,* 473 Pa. at 510, 375 A.2d at 706 (quoting *Baker v. Carr,* 369 U.S. at 217, 82 S.Ct. at 710)).

In *Dintzis,* we pointed out that in *Ritter v. Commonwealth,* 120 Pa.Commonwealth Ct. 374, 548 A.2d 1317 (1988), *aff'd per curiam,* 521 Pa. 536, 557 A.2d 1064 (1989), this court, employing the *Baker* standard, held that the Pennsylvania House of Representatives has exclusive power over its internal affairs and proceedings and that we would not review the legislature's internal affairs. *Id.* In addition, we recognized in *Dintzis* that the justiciability doctrine permits an exception where a legislative rule conflicts with the Constitution. *Id.* (citing *Zemprelli v. Daniels,* 496 Pa. 247, 436 A.2d 1165 (1981)).[4] As in *Dintzis,* Blackwell has not suggested that the City Council's internal rules conflict with the Constitution and, in fact, points out in her brief that this action is not based on any alleged constitutional deprivation.

Although, the present case does not deal with the internal rules of our state legislature, this matter does involve the internal rules of a legislative body.[5] Under The Philadelphia Home Rule Charter, City Council is empowered to adopt rules defining the duties of its President and otherwise providing for its own organization. 351 Pa.Code § 2.2–104. The source of the City Council's authority pursuant to the Philadelphia Home Rule Charter to adopt internal operating rules is derived from section 5 of the First

Class City Charter Act of 1919, 53 P.S. § 12525, wherein the council of a city of the first class has the power to provide for its own organization and to provide for the employment and fix the salaries of such persons as may be necessary to the proper discharge of its business.

City Council has complied with the directives of section 5 and with section 2–104 of the Philadelphia Home Rule Charter by adopting rules for the organization and government of City Council. In accordance with this court's decisions in *Ritter, Dintzis,* and *Zemprelli,* if these rules have been violated, specifically paragraph 8 of section II, it is up to City Council as a whole to remedy the situation, not this court.

Accordingly, the order of the trial court is reversed and this matter is remanded to the trial court with instructions to dismiss Blackwell's complaint in mandamus.

### ORDER

NOW, this 5th day of June, 1995, the order of the Court of Common Pleas of Philadelphia County, dated May 20, 1994, at No. 911 January Term 1994, is reversed and this matter is remanded with instructions to dismiss Jannie L. Blackwell's complaint in mandamus.

Jurisdiction relinquished.

DOYLE, Judge, dissenting.

I respectfully dissent and would affirm the judgment of the trial court.

The United States Supreme Court in *Powell v. McCormack,* 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969), held that the **exclusion** of Representative Adam Clayton Powell from the House of Representatives by a House Resolution did not present a political question, and was thus justiciable, on the basis that the qualifications of members of Congress were specific and stated clearly in the United States Constitution (age, citizen-

---

**4.** In *Zemprelli,* this court stated that "[u]nquestionably the Senate has exclusive power over its internal affairs and proceedings." *Zemprelli,* 496 Pa. at 257, 436 A.2d at 1170.

**5.** Pursuant to section 1 of the Act of June 25, 1919, P.L. 581, *as amended,* 53 P.S. § 12521, commonly known as the First Class City Charter Act of 1919, the legislative branch of the government of each city of the first class shall consist of a city council.

ship and residency), although the High Court was careful to distinguish those situations wherein Congress could **expel** or **punish** a member of Congress under Article I, Section 5 of the U.S. Constitution [1] once seated. Nevertheless, the issue presented regarding Powell's exclusion from Congress was judicially determined without offending the separation of powers doctrine.

Similarly, in *Sweeney v. Tucker*, 473 Pa. 493, 375 A.2d 698 (1977), the Pennsylvania Supreme Court held that the Pennsylvania Constitution does not bar judicial review of legislative action expelling a member from Pennsylvania's General Assembly. Our Supreme Court adjudicated the issue of Representative Sweeney's federal constitutional right of due process after having been convicted in a federal court of three counts of mail fraud, and, citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803), followed the principle that ordinarily, the exercise of the judiciary's power to review the constitutionality of legislative action does not offend the principle of the separation of powers.

I would conclude therefore, under the logic of *Powell* and *Sweeney*, that the standards enunciated by the U.S. Supreme Court in *Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962) (majority op. at 172), which both the Supreme Court of the United States and the Supreme Court of Pennsylvania used as their judicial polestar, could be followed and applied by this Court in adjudicating the issue presented by Councilwoman Blackwell; that is, that her rights as a member of Philadelphia City Council have been violated by depriving her of **her** exclusive authority to select the individuals who will serve on her personal staff.

I further note that this Court in *Morris v. Goode*, 107 Pa.Commonwealth Ct. 529, 529 A.2d 50 (1987), allowed a suit to proceed where Philadelphia council members Beloff, Krawjewski, Rafferty, Hughes and O'Neill challenged the adoption of a City Council Resolution because a councilmanic quorum was not present. We held that if "council rules provide no way by which a member can challenge action taken without a quorum in his absence, then a court challenge to the validity of the council resolution must be available as a remedy."[2]

I would distinguish *Dintzis v. Hayden*, 146 Pa.Commonwealth Ct. 618, 606 A.2d 660 (1992), on which the majority relies to reach an opposite result, first on the facts since the challenge to the internal rules of the Pennsylvania House of Representatives was presented by a citizens' group opposed to higher taxes who were challenging the internal procedures of the House by which a piece of legislation was finally adopted and became law. Only the plaintiffs' collective rights as taxpayers in the Commonwealth, important as those may be, were at issue in *Dintzis* and no individual rights under an organic document of government was at stake as in the case here.

Second, regarding the principle of the nonjusticiability of a political question in the case presented, although the underlying **reasons** which prompted the dispute most assuredly were political, the issue presented to the court in this instance, is clearly justiciable. In my view, this case, (a) does not involve a textually demonstrable "constitutional" commitment of the issue to City Council, a coordinate political department, (b) nor is there a lack of a judicially discoverable and manageable standard, (c) nor does it involve a policy determination clearly for nonjudicial discretion, (d) nor does it concern the impossibility of a judicial resolution which would show disrespect for City Council, (e) nor does it suggest an unquestioning adherence to a political decision already made (although *a* decision has been made), and (f) the potentiality of embarrassment from multifarious pronouncements by various departments on one question is nonexistent. Therefore, under *Baker v. Carr*, I would judicially reach the

---

1. The U.S. Constitution, Art. I, § 5, cl. 1, provides: "Each House shall be the Judge of the Elections, Returns and Qualifications of its own Members...."

2. Although taxpayer-plaintiffs were dismissed from the suit for lack of standing, preliminary objections challenging the standing of council members were overruled.

issue presented and accordingly, would affirm the judgment of the trial court.

SMITH and NEWMAN, JJ., join in this dissenting opinion.